IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| KATHERINE PENN THOMAS, individually and on behalf of all those similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>PALM BEACH TAN, INC.,<br><br>Defendant. | CIVIL ACTION NO.: _____ |

## COMPLAINT

Plaintiff KATHERINE PENN THOMAS ("Plaintiff"), individually and on behalf of all others similarly situated, hereby files this Complaint against Defendant PALM BEACH TAN, INC. ("Defendant") and for this cause of action states the following:

### *Nature of the Claim*

1. Plaintiff brings this action individually and on behalf of all others similarly situated – pursuant to the collective action provision of 29 U.S.C. § 216(b) – to redress Defendant's violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), which have deprived Plaintiff and others similarly situated of their lawful wages.

2. This action seeks unpaid overtime compensation, liquidated damages, expenses of litigation, reasonable attorneys' fees, and other relief under the FLSA, on the grounds set forth below.

### *Jurisdiction and Venue*

3. This Court has subject-matter jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331 because this action arises under the laws of the United States. Subject-matter jurisdiction is also conferred upon this Court by 28 U.S.C. § 1337 because this action arises under Acts of Congress regulating commerce. Additionally, Defendant is subject to service in this judicial district; thus, this Court has personal jurisdiction.

4. Under 28 U.S.C. § 1391(b), venue is appropriate in this district because a substantial part of the events or omissions giving rise to the claims at issue occurred in this judicial district.

### *The Parties*

5. Plaintiff is a resident of Georgia and was employed by Defendant from January 2007 through September 2011 at two of Defendant's stores in Georgia.

6. Defendant is organized under the laws of the State of Texas and is authorized to do business in Georgia.

7. At all times relevant to this action, Defendant operated Palm Beach Tan stores within this judicial district and throughout the state of Georgia.

*Factual Allegations*

8. At all times relevant to this action, Defendant was an "employer" within the meaning of 29 U.S.C. § 203(d).

9. At all times relevant to this action, Defendant was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA because it had employees engaged in commerce and because its annual gross sales volume exceeds $500,000.

10. Plaintiff was an "employee" of Defendant within the meaning of 29 U.S.C. § 203(e) within the three years preceding the filing of this Complaint.

11. Defendant employed Plaintiff as a Store Manager at Defendant's store number ATL003 in Marietta, Georgia from February 8, 2010 through September 27, 2011.  During that time, Defendant regularly required or permitted Plaintiff to work in excess of 40 hours per week.  Indeed, Plaintiff's District Manager repeatedly instructed Plaintiff to reduce labor costs by decreasing the hours of the store's hourly employees and working those shifts herself.

12. While working for Defendant as a Store Manager, Plaintiff spent approximately 80-90% of her working hours performing manual, non-office work

that involved little to no discretion, independent judgment, or managerial decision-making authority. Indeed, Plaintiff spent the vast majority of her time performing the same routine and repetitive tasks that were performed by the store's hourly employees such as: cleaning and detailing beds; washing, drying, and folding towels; making sales; ringing-up and helping customers; stocking and moving merchandise as directed by the District Manager; performing inventory counts; changing bulbs; and cleaning the store for audits. Plaintiff – like other Store Managers in Georgia – did not customarily and regularly direct the work of two or more other employees.

13.   Store Managers, including Plaintiff, had little to no managerial discretion. For example, Store Managers did not set or adjust hourly employees' rates of pay, monitor their sales records for use in supervision or control, appraise employees' performance for promotion or pay raise recommendations, or determine the techniques used by hourly employees to perform their duties. Similarly, as a Store Manager, Plaintiff was not involved in decisions regarding merchandise stocked, sold, or discounted.

14.   Like other Store Managers in Georgia, Plaintiff was closely supervised by her District Manager and was required to follow specific guidelines, instructions, and policies in the performance of her duties. Indeed, many tasks –

like employee scheduling and planning the work to be performed – were largely dictated by the District Manager and a planner provided to each store by Defendant.

15.  Plaintiff did not have the authority to hire, fire, or promote hourly employees nor were her recommendations regarding hiring, firing, or promotion given particular weight.  The District Managers were empowered with this authority.

16.  At all times relevant to this action, Defendant classified Store Managers, including Plaintiff, as exempt for FLSA purposes and paid each a specified weekly salary.

17.  Plaintiff was a non-exempt employee within the meaning of the FLSA throughout her employment with Defendant and was subject to the overtime provisions of the FLSA.  Other current and former employees of Defendant performed similar non-exempt duties and were compensated in a manner similar to Plaintiff.

18.  Throughout her employment, Plaintiff regularly worked hours in excess of 40 hours per workweek for which Defendant failed to compensate her at a rate of pay equal to one and one half times her regular rate.  Plaintiff's

supervisors were aware of the hours Plaintiff worked for which she was not properly compensated.

19.     Plaintiff was deprived of compensation to which she is entitled through Defendant's custom, policy, and/or practice of misclassifying its Store Managers in Georgia as exempt from the overtime provisions of the FLSA.

20.     As a result of this custom, policy, and/or practice, Defendant failed to credit and pay Plaintiff properly for all overtime hours she worked – *i.e.*, all hours worked over 40 within each workweek – in violation of the FLSA.

21.     Defendant has willfully and intentionally failed and/or refused to compensate Plaintiff and other current and former Store Managers in accordance with the FLSA.

22.     Plaintiff has retained The Weiner Law Firm LLC to represent her in this action and accordingly has incurred and will continue to incur attorneys' fees and costs, which are a proper portion of the relief sought in this action.

*Collective Action Allegations*

23.     Numerous current and former employees of Defendant exist who are similarly situated to Plaintiff, were denied proper compensation in violation of the FLSA, and who would benefit from issuance of Court-supervised notice of this

lawsuit. Those similarly situated current and former employees are known to Defendant and are readily identifiable and locatable through Defendant's records.

24.  Those current and former employees similarly situated to Plaintiff include all individuals employed by Defendant as Store Managers at any of Defendant's corporate-owned stores in Georgia who worked in excess of 40 hours in one or more workweeks during any pay period falling within three chronological years immediately preceding the filing of this Complaint and continuing thereafter through the date on which final judgment is entered in this action.

25.  Plaintiff consents to participate in this action. Plaintiff's consent is attached hereto as Exhibit 1 and is a part hereof for all purposes pursuant to Fed. R. Civ. P. 10(c).

## COUNT 1

### (Overtime Compensation Due Under 29 U.S.C. § 207)

26.  Plaintiff re-alleges paragraphs 1 through 25 above and incorporates them here by reference.

27.  By engaging in the conduct described above, Defendant failed to pay Plaintiff and all similarly situated individuals at a rate of pay not less than one and one half times their regular rate for all work performed in excess of forty hours in a workweek, in violation of 29 U.S.C. § 207.

28. Specifically, Defendant failed to properly compensate Plaintiff and similarly situated current and former employees for all overtime hours worked through its custom, policy, and/or practice of misclassifying its Store Managers in Georgia as exempt from the overtime provisions of the FLSA.

29. Defendant's actions in failing to compensate Plaintiff and persons similarly situated in accordance with the FLSA were willful, within the meaning of 29 U.S.C. § 255(a), and committed with a conscious disregard for the rights of Plaintiff and similarly situated individuals.

30. As a result of Defendant's violation of the FLSA, Plaintiff and all similarly situated individuals are entitled to recover their unpaid overtime compensation and an equal amount as liquidated damages as well as prejudgment interest, reasonable attorneys' fees, and costs of suit, pursuant to 29 U.S.C. § 216(b), all in amounts to be determined at trial.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully prays that this Court award Plaintiff and all similarly situated individuals:

    i. damages in the amount of their respective unpaid overtime wages, according to proof, and pursuant to the FLSA;

ii. an equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b);

iii. prejudgment interest;

iv. costs of suit, including expenses incurred herein, pursuant 29 U.S.C. § 216(b);

v. reasonable attorneys' fees pursuant to 29 U.S.C. § 216(b); and

vi. such other and further relief as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

**Plaintiff hereby demands a jury trial on all claims for which she has a right to a jury.**

DATED: August 23, 2012

By: s/ Andrew L. Weiner
Andrew L. Weiner
Georgia Bar No. 808278
aw@andrewweinerlaw.com
Stacy L. Rushing
Georgia Bar No. 557370
rushing@atlantaemployeelawyer.com
THE WEINER LAW FIRM LLC
3525 Piedmont Road
7 Piedmont Center
3rd Floor
Atlanta, GA  30305

(404) 254-0842 (Tel. & Fax)

COUNSEL FOR PLAINTIFF