**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| **KATHERINE PENN THOMAS, individually and on behalf of all those similarly situated,** | ) ) ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **CIVIL ACTION NO.:** |
| **v.** | ) | **1:12-cv-02927-WBH** |
| | ) | |
| **PALM BEACH TAN, INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**JOINT MOTION FOR APPROVAL OF
SETTLEMENT AGREEMENT**

Plaintiff Katherine Penn Thomas ("Thomas"), Margaret Ruenbanthoeng ("Ruenbanthoeng"), Brandon Jackson ("Jackson"), and Zachary Hodges ("Hodges") (collectively, "Plaintiffs") and Defendant Palm Beach Tan, Inc. ("Defendant") (collectively, the "Parties") file this Joint Motion for Approval of Settlement Agreement and would show the Court as follows:

**I.
BACKGROUND**

1.      This action was filed in the Northern District of Georgia by Katherine Penn Thomas on August 23, 2012, pursuant to 29 U.S.C. § 216(b) of the Fair

Labor Standards Act ("FLSA").   On September 27, 2012, Ruenbanthoeng, Jackson, and Hodges filed their opt-in consents.

2.      Defendant answered and denied the material allegations in Plaintiffs' complaint.

3.      The parties engaged in discovery, including five depositions, written discovery, and the production of several thousand pages of documents, as well as the exchange of Rule 26 disclosures and several motions.

4.      Defendant has denied, and continues to deny, Plaintiffs' allegations. Nonetheless, without admitting or conceding any liability or damages, and solely to avoid the burden, expense and uncertainty of continuing to litigate Plaintiffs' claims, Defendant has agreed to settle Plaintiffs' claims, and Plaintiffs have agreed to compromise their claims on the terms and conditions set forth in the Confidential Settlement Agreement and Release of Claims provided to the Court for *in camera* review.

5.      The Parties recognize the outcome in this action is uncertain and that achieving a final result through litigation requires additional risk, discovery, time, and expense.

6.     Although Plaintiffs included putative collective action claims, this Court denied conditional certification of alleged misclassification claims of store managers in Georgia.

7.     To determine how best to serve the interests of the Parties, the Parties and their counsel have investigated and evaluated the facts and law relating to the claims asserted in this action.  After balancing the benefits of settlement with the costs, risks, and delay of continued litigation, the Parties and their counsel believe the settlement as provided in this Agreement is in the best interests of the Parties and represents a fair, reasonable, and adequate resolution.

## II.
## ARGUMENT AND AUTHORITY

8.     FLSA claims may be compromised after the court reviews and approves a settlement in a private action for back wages under 29 U.S.C. § 216(b). *Lynn's Food Stores, Inc. v. United States Dep't of Labor*, 649 F.2d 1350, 1353 (11th Cir. 1982).

9.     Many courts have acknowledged that the parties are generally in a better position than the court to determine whether a settlement agreement under the FLSA is fair and reasonable.  *See, e.g., Bonetti v. Embarq Mgm't Co.*, 715 F. Supp. 2d 1222, 1227 n.6 (M.D. Fla. 2009).  Moreover, if the parties are "represented by competent counsel in an adversary context," as here, "the

3

settlement they reach will, almost by definition, be reasonable." *Id.* at 1227 n.6. Finally, there is a "strong presumption in favor of finding a settlement fair." *Rastellini v. Amy Charles, Inc.*, 6:08-cv-255-ORL-28GJK, 2009 WL 2579316 at *2 (M.D. Fla. Aug. 17, 2009 (citing *Cotton v. Hinton*, 559 F.2d 1326, 1331 (5th Cir. 1977)[1]); *accord Murchison v. Grand Cypress Hotel Corp.*, 13 F.3d 1483, 1486 (11th Cir. 1994) (noting that the Eleventh Circuit "favor[s] and encourage[s] settlements in order to conserve judicial resources").

10.   The Parties' settlement of these claims is the result of a bona fide compromise between them on a variety of disputes of law and fact.  The Parties stipulate that they are resolving the matter in order to avoid the cost and time of litigation, as well as the risks associated with continued litigation.   Defendant admits no fault or liability in this matter.

11.   The settlement negotiated and reached by the Parties reflects a fair and reasonable compromise of the disputed issues.  All Parties were counseled and represented by their respective attorneys throughout the litigation and settlement process.  The Parties attest to the fairness and reasonableness of their amicable settlement, and the net settlement proceeds that Plaintiffs will receive were

---

[1]  Decisions of the Fifth Circuit rendered before October 1, 1981 are binding upon panels of the Eleventh Circuit. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (per curiam).

negotiated separately and apart from the amount of attorneys' fees and costs that Plaintiffs' attorneys will receive. Consequently, the amount of fees paid to Plaintiffs' attorney did not affect Plaintiffs' recovery. *See Bonetti*, 715 F. Supp. 2d at 1228. Thus, the Parties request that the Court approve the settlement and dismiss Plaintiffs' claims with prejudice.

## III.
## CONCLUSION AND PRAYER

For these reasons, the Parties jointly request that this Court approve the settlement agreement and dismiss Plaintiffs' claims with prejudice and seek all other relief to which the Parties may be entitled.

Respectfully submitted this 3rd day of March, 2014.

| | |
|---|---|
| *s/ Andrew L. Weiner* | *s/ Tracey T. Barbaree* |
| Andrew L. Weiner | Tracey T. Barbaree |
| Georgia Bar No. 808278 | Georgia Bar No. 036792 |
| THE WEINER LAW FIRM LLC | OGLETREE, DEAKINS, NASH, |
| 3525 Piedmont Road. 3rd Floor | SMOAK & STEWART, P.C. |
| Atlanta, GA 30305 | 191 Peachtree Street, N.E., Suite 4800 |
| Telephone: 404-254-0842 | Atlanta, GA 30303 |
| Facsimile: 404-254-0842 | Telephone: (404) 881-1300 |
| E-mail: aw@andrewweinerlaw.com | Facsimile: (404) 870-1732 |
| | E-mail: tracey.barbaree@ogletreedeakins.com |
| *Attorney for Plaintiffs* | |

John B. Brown
Texas Bar No.: 00793412
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
8117 Preston Road, Suite 500
Dallas, Texas 75225
Telephone: (214) 414-0067
Facsimile: (214) 987-3926
E-mail: john.brown@ogletreedeakins.com

*Attorneys for Defendant*
*Palm Beach Tan, Inc.*

6

## **CERTIFICATE OF COMPLIANCE**

Undersigned counsel certifies that the foregoing document has been prepared with one of the font and point selections (Times New Roman, 14 point) approved by the Court in local rule 5.1(C) and 7.1(D).

*s/ Tracey T. Barbaree*
Tracey T. Barbaree

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| **KATHERINE PENN THOMAS, individually and on behalf of all those similarly situated,** ) ) ) ) | |
| **Plaintiff,** ) ) | |
| **v.** ) ) | **CIVIL ACTION NO.: 1:12-cv-02927-WBH** |
| **PALM BEACH TAN, INC.,** ) ) ) | |
| **Defendant.** ) | |

## <u>CERTIFICATE OF SERVICE</u>

I certify that on March 3, 2014, I electronically filed the foregoing **JOINT MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT** with the Clerk of the Court using the CM/ECF system, which will automatically send notice of such filing to the following attorneys of record:

Andrew L. Weiner
THE WEINER LAW FIRM LLC
3525 Piedmont Road
7 Piedmont Center
3rd Floor
Atlanta, GA  30305
E-mail: aw@andrewweinerlaw.com


*s/ Tracey T. Barbaree*
Counsel for Defendant